UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ICON HEALTH & FITNESS, INC., | }<br>} |
| Plaintiff, | }<br>} |
| v. | } Case No.: 2:19-cv-00449-MHH<br>} |
| ANTHONY DAVIS, an individual, d/b/a IFIT SPORTS PERFORMANCE, | }<br>}<br>}<br>} |
| Defendant. | } |

# MEMORANDUM OPINION

Plaintiff ICON Health & Fitness, Inc. has asked the Court to enter default judgment against defendant Anthony Davis, d/b/a IFIT Sports Performance. (Doc. 13). ICON filed this action on March 14, 2019, to enforce its "IFIT" and "IFIT.com" trademarks. (Doc. 1, p. 3, 18–19, ¶ 9). The Clerk made an entry of default against Mr. Davis on August 1, 2019. (Doc. 12). In support of its motion for default judgment, ICON has filed an affidavit describing ICON's attempts to communicate with Mr. Davis. (Doc. 13-1). For the reasons below, the Court grants ICON's motion and enters default judgment against Mr. Davis.

## I. DEFAULT JUDGMENT STANDARD

Federal Rule of Civil Procedure 55 establishes a two-step procedure for obtaining a default judgment against a defendant who has not appeared after being

properly served with a complaint. First, when a defendant fails to defend a lawsuit, as in this case, the Clerk of Court may enter a clerk's default. Fed. R. Civ. P. 55(a). Second, after entry of the clerk's default, if the defendant is not an infant or an incompetent person, the Court may enter a default judgment against the defendant because of the defendant's failure to appear or defend. Fed. R. Civ. P. 55(b)(2). "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c).

"A motion for default judgment is not granted as a matter of right." *Pitts ex rel. Pitss v. Seneca Sports, Inc.*, 321 F. Supp. 2d 1353, 1356 (S.D. Ga. 2004) (internal footnote omitted). After a clerk enters a default pursuant to Rule 55(a), the Court must review the sufficiency of the complaint and the substantive merits of the complaint to determine whether a moving party is entitled to default judgment. *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997). The Court must ensure that the well-pleaded allegations in the complaint state a substantive cause of action and that an adequate basis exists in the pleadings for the relief sought. *Cotton v. Mass Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005). In addition to the pleadings, the Court may consider evidence presented in the form of an affidavit or declaration. *Frazier v. Absolute Collection Serv., Inc.*, 767 F. Supp. 2d 1354, 1362 (N.D. Ga. 2011). A defaulting defendant "admits the plaintiff's well-pleaded allegations of fact" for purposes of liability. *Buchanan v.*

*Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) (quoting *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (internal quotation marks omitted)).

## II.   FACTUAL ALLEGATIONS

ICON is one of the world's largest manufacturer and seller of exercise and fitness equipment. (Doc. 1, p. 3, ¶ 8). In 1999, ICON launched a new line of fitness products called "IFIT." (Doc. 1, p. 3, ¶ 10). To accompany the new line, "ICON created an online service at www.ifit.com . . . that provided users with personalized video and audio workouts" and other features. (Doc. 1, pp. 3–4, ¶ 10). The "IFIT" product line now includes wearable equipment that tracks a user's fitness and wellness information. ICON developed a mobile app that interfaces with and collects data from "IFIT" products, allowing users to "track their nutrition and weight loss, set personal health fitness, and nutrition goals, and otherwise manage their activities and lifestyles." (Doc. 1, p. 5, ¶¶ 13–14).

ICON registered and owns seven trademarks related to its "IFIT" product line—"IFIT.COM" and six variations of "IFIT." (Doc. 1, pp. 7–9, ¶ 22). ICON's "IFIT.COM" mark has a registration date of July 3, 2001. (Doc. 1-1, p. 2). The earliest variation of ICON's "IFIT" mark has a September 20, 2002 registration date. (Doc. 1-2, p. 2). The most recent variation of the "IFIT" mark has a July 31, 2018 registration date. (Doc. 1-7, p. 2).

ICON alleges that Mr. Davis "operates a sports, exercise, and fitness-related business" and "us[es] the trade names, DBAs, and/or service marks 'IFIT Sports Performance' and/or 'iFIT Fueled by Coach Davis.'" (Doc. 1, p. 10, ¶ 31). ICON contends that these uses infringe on its "IFIT" trademarks. According to ICON, its counsel sent to Mr. Davis an email on August 4, 2017, asking Mr. Davis to "transition away from using the IFIT Sports Performance name/mark and the ifitsp.com domain name." (Doc. 1, p. 12, ¶ 39).

## III. DISCUSSION

### A. Subject Matter Jurisdiction

Before the Court enters a default judgment, the Court first must ensure that it has subject matter jurisdiction over the case. *Smarter Every Day, LLC v. Nunez*, 2017 WL 1247500, at *2 (N.D. Ala. Apr. 5, 2017) (citing *Sys. Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy*, 242 F.3d 322, 324 (5th Cir. 2001)). ICON contends that the Court has jurisdiction to hear this case pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331, 1332, 1338(a), (b), and 1367. (Doc. 1, p. 2). The Court has subject matter jurisdiction over ICON's federal claims under 15 U.S.C. § 1121(a) and 28 U.S.C. § 1331 and subject matter jurisdiction over ICON's state law claims under 28 U.S.C § 1367.

4

### B. Personal Jurisdiction

To enter a valid default judgment, the Court also must determine that it has personal jurisdiction over the defendant. *Oldfield v. Pueblo De Bahia Lora, S.A.*, 558 F.3d 1210, 1217 (11th Cir. 2009). Under Rule 4 of the Federal Rules of Civil Procedure, "[s]erving a summons or filing a waiver of service establishes personal jurisdiction over a defendant . . . who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located." Fed. R. Civ. P. 4(k)(1)(A). ICON alleges that Mr. Davis "is an individual who resides in the State of Alabama and operates his sports, exercise, and fitness-related business commonly known as iFit Sports Performance at 2809 Central Avenue, Homewood, Alabama 35209 and at 3106 6th Avenue South, Birmingham, Alabama 35233." (Doc. 1, pp. 1–2, ¶ 2). The record indicates that ICON served Mr. Davis with process at 506 Windsor Drive in Homewood, Alabama, on March 18, 2019. (Doc. 5, p. 2). Therefore, the Court is satisfied that is has personal jurisdiction over Mr. Davis and iFit Sports Performance.

### C. Federal Claims

ICON brings the following federal claims against Mr. Davis: trademark infringement under § 32(1) of the Lanham Act; unfair competition and false designation of origin under § 43(a) of the Lanham Act; and false advertising under § 43(a) of the Lanham Act. (Doc. 1, pp. 14–16).

To establish liability under the Lanham Act, "a plaintiff must show (1) that it had trademark rights in the mark or name at issue and (2) that the other party had adopted a mark or name that was the same, or confusingly similar to its mark, such that consumers were likely to confuse the two." *Tana v. Dantanna's*, 611 F.3d 767, 773 (11th Cir. 2010) (quotations and citation omitted). ICON has registered "IFIT" as a trademark. (Doc. 1, pp. 7–9, ¶ 22). Accordingly, ICON has rights in the "IFIT" mark.

To determine whether there is a likelihood of confusion between two marks, a district court balances the following seven factors:

> (1) strength of the mark alleged to have been infringed; (2) similarity of the infringed and infringing marks; (3) similarity between the goods and services offered under the two marks; (4) similarity of the actual sales methods used by the holders of the marks, such as their sales outlets and customer base; (5) similarity of advertising methods; (6) intent of the alleged infringer to misappropriate the proprietor's good will; and (7) the existence and extent of actual confusion in the consuming public.

*Dantanna's*, 611 F.3d at 774–75 (citing *Welding Servs., Inc. v. Forman*, 509 F.3d 1351, 1360 (11th Cir. 2007)). Based on these factors, the Court concludes that ICON has adequately pleaded likelihood of confusion.

At least five of the factors plausibly support a finding of likelihood of confusion. First, as a registered trademark, "IFIT" is a strong mark. *See Sovereign Military Hospital Order v. Fla. Priory of Knights Hospitallers*, 809 F.3d 1171, 1184

(11th Cir. 2015) ("[I]ncontestable marks are presumptively strong."). Second, ICON's marks and Mr. Davis's mark share identical spelling and spacing, with some variations in font. (*Compare* Doc. 1-2, p. 2, *with* Doc. 1, p. 11). Third, there are similarities between ICON's services and Mr. Davis's services: ICON's "IFIT" products are designed to "complement [ICON's] exercise and fitness products and provide users with additional innovative resources to help them meet their personal exercise and fitness goals" (Doc. 1, p. 3, ¶ 9); Mr. Davis provides "'every athlete with a training experience that supports achievement of their individual performance goals'" (Doc. 1, p. 11, ¶ 34). Fourth, ICON and Mr. Davis share similar customer bases. Fifth, ICON and Mr. Davis both engage in internet marketing. (Doc. 1, pp. 6, 11, ¶¶ 16, 33, 35).

"The extent to which two marks are confusingly similar cannot be assessed without considering all seven factors . . . ." *Wesco Mfg., Inc. v. Tropical Attractions of Palm Beach, Inc.*, 833 F.2d 1484, 1488 (11th Cir. 1987). Here, ICON also alleges that it sent an August 4, 2017 letter asking Mr. Davis to "transition away from using the IFIT" mark and that Mr. Davis "disregarded ICON's August 4, 2017 letter and subsequent correspondence and continued to market, promote, and provide his . . . services using the IFIT" mark. (Doc. 1, pp. 12–13, ¶¶ 38–40). These allegations do not plausibly demonstrate that Mr. Davis intended to appropriate ICON's good will, but they do support ICON's position regarding the sixth factor. As for the seventh

factor, ICON did not specifically allege that the consuming public had actually confused its mark with Mr. Davis's mark. But "evidence of actual confusion between trademarks is not necessary to a finding of *likelihood* of confusion . . . ." *E. Remy Martin & Co., S.A. v. Shaw-Ross Int'l Imports, Inc.*, 756 F.2d 1525, 1529 (!1th Cir. 1985) (emphasis in *E. Remy Martin*). What's more, ICON has plausibly demonstrated that five factors support its position and presented some evidence on the sixth. Accordingly, ICON has is entitled to default judgment on its claim of trademark infringement under the Lanham Act.

ICON also alleges false designation of origin under § 43(a) of the Lanham Act. (Doc. 1, pp. 15–16). "The elements of [ICON's] claim for false designation of origin . . . are for purposes of this case the same as its claim for trademark infringement . . . ." *Hoop Culture, Inc. v. GAP, Inc.*, 648 Fed. Appx. 981, 983 n.1 (11th Cir. 2016) (citing *Custom Mfg. & Eng'g*, 508 F.3d at 647–48). Accordingly, the Court concludes that ICON is entitled to default judgment on its claim of false designation of origin.

ICON finally alleges false advertising under § 43(a) of the Lanham Act. (Doc. 1, pp. 15–16). To establish a claim of false advertising, a plaintiff must show that:

> (1) the defendant's statements were false or misleading; (2) the statements deceived, or had the capacity to deceive, consumers; (3) the deception had a material effect on the consumers' purchasing decision; (4) the misrepresented service affects interstate commerce; and (5) [the

8

plaintiff] has been, or likely will be, injured as a result of the false or misleading statement.

*Sovereign Military Hospitaller Order v. Fla. Priory of Knights Hospitallers*, 702 F.3d 1279, 1294 (11th Cir. 2012) (citation omitted). The first element of a false advertising claim requires a plaintiff to show that the defendant's statements were "literally false as a factual matter." Alternatively, a plaintiff may identify "claims that may be literally true or ambiguous but which implicitly convey a false impression, are misleading in context, or likely to deceive consumers." *Hickson Corp. v. Northern Crossarm Co., Inc.*, 357 F.3d 1256, 1261 (11th Cir. 2004) (citation and quotations omitted). ICON has not alleged that Mr. Davis made literally false statements.

To demonstrate that a defendant's statements were literally true but misleading, a plaintiff generally "must 'present evidence of deception' in the form of consumer surveys, market research, expert testimony, or other evidence." *Hickson Corp.*, 357 F.3d at 1261 (quoting *Johnson & Johnson Vision Care, Inc. v. 1-800 Contacts, Inc.*, 299 F.3d 1242, 1247 (11th Cir. 2002)). But "that burden does not exist at the pleading stage." *Ameritox, Ltd. v. Millennium Labs., Inc.*, 889 F. Supp. 2d 1304, 1316 (M.D. Fla. 2012) (citing *Alphamed Pharmaceuticals Corp. v. Arriva Pharmaceuticals, Inc.*, 391 F. Supp. 2d 1148, 1165 (S.D. Fla. 2005)). "It is

sufficient for [ICON] to allege that the statements are deceptive." *Alphamed*, 391 F. Supp. 2d at 1165.  ICON has done so here.  (Doc. 1, pp. 15–16, ¶ 53).

ICON also must demonstrate that Mr. Davis's advertisements were "likely to influence the purchasing decision." *1-800 Contacts, Inc.*, 299 F.3d at 1250 (citation and quotations omitted).  ICON may do so by showing that the advertisements "misrepresented an inherent quality or characteristic of the product." *1-800 Contacts, Inc.*, at 1250 (citation and quotation omitted).  ICON bases its false advertising claim on the argument that Mr. Davis's use of "iFIT" may mislead consumers to think that Mr. Davis is affiliated with ICON.  The imprimatur of a large manufacturer and distributor of fitness and wellness equipment relates to "an inherent quality or characteristic of" Mr. Davis's service and might therefore influence a consumer's purchasing decision.  Accordingly, ICON has adequately pleaded that Mr. Davis's advertisements were material.

Finally, ICON must plausibly demonstrate that Mr. Davis's advertisements caused its alleged injury.  ICON alleges that Mr. Davis's use of "iFIT" is causing damage to ICON's "goodwill and reputation."  (Doc. 1, p. 16, ¶ 55).  As stated, ICON has plausibly alleged that Mr. Davis's use of "iFIT" might create the misimpression that ICON and Mr. Davis are affiliated.  It is plausible that a misimpression of affiliation would damage ICON's goodwill and reputation, and

ICON therefore has adequately demonstrated that Mr. Davis's advertisement caused injury. Thus, ICON is entitled to default judgment on its false advertising claim.

### D. State Law Claims

ICON alleges trademark infringement and unfair competition under Alabama law. (Doc. 1, pp. 16–18).

A claim for trademark infringement "under Alabama common law is [the] same as it is under the Lanham Act . . . ." *Alfa Corp. v. Alfa Mortgage, Inc.*, 560 F. Supp. 2d 1166 (M.D. Ala. 2008) (citing *Arthur Young, Inc. v. Arthur Young & Co.*, 579 F. Supp. 384, 389 (N.D. Ala. 1983)). Accordingly, because ICON is entitled to default judgment on its trademark infringement claim under the Lanham Act, ICON is entitled to default judgment on its state-law trademark infringement claim.

ICON also alleges common law unfair competition. "Alabama law does not recognize the tort of unfair competition . . . ." *L.A. Draper & Son, Inc. v. Wheelabrator-Frye, Inc.*, 813 F.2d 332, 335 (11th Cir. 1987) (citing *City Ambulance of Ala., Inc. v. Haynes Ambulance of Ala., Inc.*, 431 So. 2d 537, 539 (Ala. 1983)). But a plaintiff may proceed with a "claim that alleges facts sufficient to establish a cause of action under the Alabama tort of interference with business relations." *Alfa Corp.*, 560 F. Supp. 2d at 1175 (citations omitted). As a result, ICON must plausibly allege: "(1) the existence of a protectable business relationship; (2) of which the

11

defendant knew; (3) to which the defendant was a stranger; (4) with which the defendant intentionally interfered; and (5) damage." *White Sands Group, LLC v. PRS II, LLC*, 32 So. 3d 5, 14 (Ala. 2009).

ICON has not adequately pleaded that Mr. Davis actually interfered with a protectable business relation. To demonstrate that it had a "protectable business relationship," ICON does not need to establish the existence of a contractual relationship. *White Sands*, 32 So. 3d at 14–15. But ICON must plausibly show "a relationship based on a reasonable expectation of a commercial benefit." *White Sands*, 32 So. 3d at 16. ICON has not done so.

In its complaint, ICON alleges that Mr. Davis's "conduct has led and will lead to a material diminution in the value of ICON's intellectual property and is an infringement of ICON's federal and common law rights in the IFIT mark." (Doc. 1, p. 18, ¶ 64). ICON also alleges that Mr. Davis's "conduct is likely to cause confusion, mistake, or deception as to the source or origin of [Mr. Davis's] products, or the affiliation, sponsorship, or other relationship between" ICON and Mr. Davis. (Doc. 1, p. 18, ¶ 65). These allegations do not identify ICON customers or sales markets that were affected by Mr. Davis's use of a confusingly similar mark. Mr. Davis's conduct may have caused customer confusion, which may have caused ICON to lose business opportunities. But for purposes of intentional interference under Alabama law, a business does not have a protectable relationship with every

potential customer. *Glennon v. Rosenblum*, 325 F. Supp. 3d 1255, 1267 (N.D. Ala. 2015) (concluding that plaintiff's "general reference to local real estate market does not establish the requisite business relationship" to support an intentional interference claim). Accordingly, ICON is not entitled to default judgment on its intentional interference claim.

### E. Damages

A court must "assure that there is a legitimate basis for any damage award it enters." *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2007). An evidentiary hearing may be necessary to determine the amount of damages; however, if the record is sufficient, a court may be able to determine damages without a hearing. *See Sec. & Exch. Comm'n v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005). Thus, although a defaulted defendant admits well-pleaded allegations of liability, "allegations relating to the amount of damages are not admitted by virtue of default." *PNCEF, LLC v. Hendricks Bldg. Supply, LLC*, 740 F. Supp. 2d 1287, 1292 (S.D. Ala. 2010).

ICON asks the Court to enjoin Mr. Davis from using his "iFIT" mark in any way; to require Mr. Davis to remove any existing use of the "IFIT" mark; to require Mr. Davis to destroy all violative merchandise within 10 days; to require Mr. Davis to take reasonable steps to disable, transfer, or assign to ICON the "ifitsp.com"

domain name; to require Mr. Davis to remove from social media any reference to or use of "iFIT"; and to award costs and other relief. (Doc. 13, pp. 6–7).

A district court may issue an injunction "according to the principles of equity and upon such terms as the court may deem reasonable" to prevent violations of trademark law. 15 U.S.C. § 1116(a). Injunctive relief is available for a default judgment. Under § 1116(a), ICON is entitled to permanent injunctive relief if ICON is likely to succeed on the merits of its claim and if the equities involved favor injunctive relief. *See N. Am. Med. Corp. v. Axiom Worldwide, Inc.*, 522 F.3d 1211, 1228 (11th Cir. 2008) (citing *eBay, Inc. v. MercExchange, LLC*, 547 U.S. 388, 393 (2006)). Here, ICON has plausibly demonstrated a likelihood of confusion; ICON's interest in controlling its mark outweighs any harm to Mr. Davis; and an injunction would not disserve the public. Accordingly, ICON is entitled to injunctive relief regarding Mr. Davis's use of the "iFit" mark and "ifitsp.com" domain name.[1]

ICON also seeks from Mr. Davis "costs to be taxed as paid" and "other and further relief as the Court may deem just and equitable." (Doc. 13, p. 7). The Court

---

[1] The Lanham Act authorizes district courts to order the transfer or surrender of domain names in *in rem* actions against the domain name. 15 U.S.C. § 1125(d)(1)(C). ICON did not file an *in rem* action against "ifitsp.com," but the Court has equitable power to fashion injunctive relief necessary to stop Mr. Davis's infringing activity. *See Swann v. Charlotte-Mecklenburg Bd. of Educ.*, 402 U.S. 1, 15 (1971). Federal district courts have relied on this general equitable authority to order the transfer of a domain name where the plaintiff does not bring an *in rem* action. *See Chanel, Inc. v. besumart.com*, 240 F.Supp.3d 1283, 1291 (S.D. Fla. 2016) (citing *Phillip Morris USA, Inc. v. Otamedia Ltd.*, 331 F.Supp.2d 228, 230 n.2 (S.D.N.Y. 2004)).

cannot determine an appropriate amount of damages on the record before it. Accordingly, by May 18, 2020, ICON shall submit documentation demonstrating the costs to which it is entitled.

## IV. CONCLUSION

For the reasons discussed above, the Court grants ICON's motion for default judgment against Mr. Davis. (Doc. 13). By separate order, the Court will enter a permanent injunction.

**DONE** and **ORDERED** this May 8, 2020.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE